173 So.2d 190 (1965)
247 La. 625
GENERAL MOTORS ACCEPTANCE CORPORATION
v.
DEEP SOUTH PEST CONTROL, INC.
No. 47462.
Supreme Court of Louisiana.
March 29, 1965.
Thomas L. Hollis, New Orleans, for relator.
Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for respondent.
SANDERS, Justice.
We consider a motion to dismiss an appeal that the Court of Appeal sustained. 166 So. 2d 46. On application of the appellants, we granted certiorari to review the judgment dismissing that appeal. 246 La. 870, 167 So.2d 678.
On March 19, 1963, plaintiff, General Motors Acceptance Corporation, recovered a solidary judgment in the sum of $1500.00 against Robert J. Blanchard, Robert Polk, and Bert C. LeBlanc, made defendants in rule as sureties on an automobile sequestration bond of Deep South Pest Control, Inc. The three defendants in rule timely filed a motion for a new trial, and the district court rendered judgment on December 10, 1963, dismissing the motion.
The defendants in rule, by formal, written motion, appealed to the Court of Appeal, Fourth Circuit, "from the final judgment rendered in the above cause on the 10th day of December, 1963." In that court, the General Motors Acceptance Corporation moved to dismiss the appeal on the ground that the judgment rendered on December 10th, 1963, refusing a new trial, was interlocutory only, caused no irreparable harm, and was unappealable.
In dismissing the appeal, the Court of Appeal said:
"The motion must prevail; the appeal cannot stand. LSA-C.C.P. art. 2083 *191 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law and from an interlocutory judgment which may cause irreparable injury. The judgment refusing the new trial is not a final judgment, but is merely interlocutory and could cause appellants no irreparable harm. A judgment overruling a motion for a new trial is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481; W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co., 154 La. 749, 98 So. 174."
Appeals are favored in law and should be dismissed only for substantial causes. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62.
In Emmons v. Agricultural Insurance Company, supra, we said:
"Appeals are favored and aided by the courts. * * * Unless the ground urged for the dismissal is free from doubt an appeal will be sustained." 245 La. 411, 424-425, 158 So.2d 594, 599.
We examine the present appeal in the light of this salutary principle.
LSA-C.C.P. Article 2083 provides:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
Even if we were disposed to construe the appeal motion as taking an appeal from the appealable judgment on the merits rendered against the appellants on March 19, 1963,[1] we are prevented from doing so by two barriers: Firstly, the motion for appeal by its terms limits its effect to the judgment of December 10, 1963. Secondly, the appellants tacitly recognize that the appeal was from the judgment overruling the motion for a new trial by resting their case in this Court on the ground that such a judgment is appealable. They sum up their argument as follows:
"It is respectfully submitted that the denial of the motion for a new trial on December 10, 1963, was a final judgment since there was no other relief or remedy available to relators and the plaintiff could execute against them. That they would suffer irreparable injury as a result of the judgment unless an appeal could be filed."
We conclude, as did the Court of Appeal, that a fundamental defect mars the appeal. No right of appeal existed as to the appealed judgment. The defect is fatal.
Appellants contend, however, that the appeal should be maintained, because the motion to dismiss was not filed within three days of the return day as required by Article 2161 of LSA-Code of Civil Procedure.
Article 2161, LSA-C.C.P. provides:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
Article 2162 states:
"An appeal can be dismissed at any time by consent of all parties, or for *192 lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned."
In the present case, the appellants clearly had no right to appeal from the judgment overruling the motion for a new trial. Hence, Article 2162 applies, and the appeal is excepted from the three-day limitation of Article 2161. We hold, then, that the appeal was properly dismissed.
For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs of court are to be paid by the appellants.
NOTES
[1] The appellants could have appealed suspensively from this judgment within 15 days after the refusal of a new trial as provided by LSA-C.C.P. Article 2123.