McBRIDE, Judge.
The defendant extrajudicially confessed, judgment in plaintiff’s favor for $455,620 by authentic act dated February 12, 1965. Said confession stipulated that defendant
“ * * * does hereby waive prescription, notice, service of petition and citation, and does consent and agree that judgment may be entered against him immediately for the. full amount of principal, interest and attorneys’ fees as aforesaid, and all costs, by the Civil District Court for the Parish of Orleans, State of Louisiana, or, at the option of Kirkeby-Natus Corporation, by the Courts of any other Parish or Parishes in the State of Louisiana *168 and/or by the Federal Courts, in term or in vacation, in open Court or in Chambers, and he does further waive any and all legal delays of any nature or kind.”
On March 25, 1965, by way of petition, plaintiff presented said extrajudicial confession of judgment to the Civil District Court for the Parish of Orleans and prayed for an immediate judgment against defendant which, on the same day, the court granted. A formal judgment was rendered and signed against defendant for the amount of the confessed indebtedness.
Defendant moved for a new trial on March 30, 1965; judgment was rendered July 6, 1965, dismissing the motion for a new trial. The appeal before us was taken “from the final judgment rendered in the above case on the 6th day of July, 1965.”
Insofar as the record in this case is concerned, it does not appear that an appeal from the final judgment in favor of plaintiff and against the appellant rendered March 25, 1965, has been taken. If aggrieved by the judgment, appellant’s remedy was to appeal therefrom and not from the judgment of July 6, 1965, disposing of his motion for a new trial.
We have before us the identical situation which was involved in General Motors Acceptance Corporation v. Deep South Pest ■ Control, Inc., infra. The designations of the judgment appealed from in the motions of appeal in both cases are alike.
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083.
The judgment refusing a new trial is not final and the defendant could have suffered no irreparable injury therefrom since he had an absolute right to appeal from the judgment predicated on his confession of judgment. C.C.P. art. 2085 provides :
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
Thus, the provisions of C.C.P. art. 2085 do not deprive one who has extra-judicially confessed judgment from appealing, hence such right is reserved to him. We notice the official comments beneath C.C.P. art. 2085 contain the following language :
“ * * * Thus, an extrajudicial confession would not preclude an appeal under this Code. Such a pretrial confession should, of course, have probative value, but even though permitted by Const. Art. VII, § 44 after the maturity of an obligation, it should not bar an appeal. * * * ”
In General Motors Acceptance Corporation v. Deep South Pest Control, Inc., La.App., 166 So.2d 46, we dismissed an appeal from a judgment denying a new trial. Writs were granted by the Supreme Court which ultimately affirmed this court (see 247 La. 625, 173 So.2d 190), saying:
“It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
******
“We conclude, as did the Court of Appeal, that a fundamental defect mars the appeal. No right of appeal existed as to the appealed judgment. The defect is fatal.”
*169 It is our bounden duty to notice ex-officio appellant’s lack of right to take an appeal from the harmless interlocutory judgment. An appeal can be dismissed at any time because there is no right to appeal. C.C.P. art. 2162.
For the reasons above assigned the appeal herein is dismissed.
Dismissed.