HAMITER, Justice.
 

 In this cause certiorari was granted to permit us to consider the correctness of the Fourth Circuit Court of Appeal’s judgment which dismissed the appeal of William T. Campbell, the defendant herein. 192 So.2d 372.
 

 On March 25, 1965 Kirkeby-Natus Corporation obtained a formal judgment against the defendant, without any citation or notice to him, based on a written confession in the amount of $414,200, together with 8% interest and attorneys’ fees.
 

 Thereafter, the defendant moved for a new trial, the motion alleging certain defects in the proceedings. But a new trial was denied on July 6, 1965.
 

 
 *871
 
 "Whereupon, the defendant obtained and perfected a devolutive appeal to the Court of Appeal, and there the merits of the cause was argued and submitted.
 

 Subsequently, that court rendered a judgment (with two judges dissenting) dismissing the appeal ex proprio motu, this without its considering the merits of the case. And,
 
 on
 
 a rehearing, its judgment was reinstated. 192 So.2d 167.
 

 In the petition for the appeal the defendant alleged that “Petitioner desires to appeal devolutively from the final judgment rendered in the above cause on the 6th day of July, 1965.” The Court of Appeal, in view of such allegation, held that the appeal was intended to be taken from the judgment overruling the motion for a new trial, which is not appealable; hence, under the provisions of Louisiana Code of Civil Procedure Article 2162, it could and would be dismissed ex proprio motu. In support of its holding the court cited General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190.
 

 The defendant concedes that the judgment overruling his motion for a new trial is not appealable. However, he insists that he intended to, and did, appeal from the judgment rendered against him on March 25, 1965 which became final on July 6, 1965.
 

 On many occasions in our jurisprudence we have declared that appeals are favored by the courts; that they should be dismissed only for substantial causes; and that unless the grounds urged for dismissal are free from doubt appeals will be maintained. See Emmons v. Agricultural Insurance Company et al., 245 La. 411, 158 So.2d 594 and the cases cited therein. With these principles in mind we have considered the circumstances surrounding the taking of the appeal involved here, and we have concluded that the defendant is correct in his assertion that he intended to, and did, appeal from the March 25, 1965 judgment.
 

 First of all, the only appealable judgment rendered in the litigation was that of March 25, 1965. And while the allegation of the petition for the appeal recited that the petitioner desired to appeal from the final judgment rendered on July 6, 1965, his prayer thereof sought an appeal “in the above and numbered cause” without reference to the date of judgment. Likewise, the attached order granted an “appeal from the judgment rendered in the above and numbered cause.”
 

 Again, the preamble to the appeal bond recited: “WHEREAS, judgment has been rendered by the Civil District Court for the Parish of Orleans in the above entitled and numbered cause in favor of KIRKEBY-NATUS CORPORATION and against WILLIAM T. CAMPBELL in the amount of FOUR HUNDRED FOURTEEN THOUSAND TWO HUNDRED AND NO/100 ($414,200.00) DOLLARS (with interest at the rate of 8% per annum from
 
 *873
 
 .November 7, 1964, until paid, 10% attorney fees and all court costs), and the said WILLIAM T. CAMPBELL, defendant, has this day obtained an order of devolutive .appeal therein, conditioned upon the furnishing of this obligation.” Of course, we realize that the recitation of the bond may not necessarily govern the appeal; but un- ■ der the circumstances existing here it is -certainly proof that it was defendant’s intention to appeal from the March 25, 1965 judgment, that being the only one which • cast him for the amount stated.
 

 Finally, both the
 
 appellant and the appel.lee
 
 treated the appeal as one taken from the March judgment which became final in July. .Both briefed and argued the case in the Court of Appeal on its merits. No motion to dismiss was ever filed by the appellee. Nor was the alleged defect ever mentioned until the rendition of that court’s judgment.
 

 Under the circumstances it is obvious to us that it was not the intention of the defendant to appeal from the judgment overruling his motion for a new trial. Rather, it is apparent that the allegation in the petition relating to the judgment rendered on July 6, 1965 was an inadvertent error which was neither misleading nor prejudicial to to anyone involved in the litigation.
 

 We find inapplicable our decision in Gen•cral Motors Acceptance Corporation v. Deep South Pest Control, Inc., supra, the only case cited or relied on by the plaintiff and by the Court of Appeal. In that case we had granted certiorari believing that the Court of Appeal erred in dismissing an appeal under circumstances such as those involved in this cause. However, when the case was submitted here we found that the appellants made no contention that they were appealing from the final judgment. In fact, they took the position that they were appealing from the overruling of their motion for a new trial and that such judgment was appealable. On finding the law and the jurisprudence to be entirely to the contrary (as contended for by appellants) we had no alternative but to affirm the judgment of the Court of Appeal dismissing the appeal.
 

 More appropriate, we think, is the case of Tennent v. Caffery, 163 La. 976, 113 So. 167. Therein, one of the parties sought an appeal from a judgment on a rule. The judgment dissolved a restraining order and denied a preliminary injunction. The order of appeal on its face, conforming to the motion therefor, granted an appeal only from the judgment dissolving the restraining order (from which no appeal is allowable). In overruling a motion to dismiss, this court said that, although the order on its face appeared to grant an appeal from only the unappealable judgment, “[Njcvertheless the judgment refused the prelimi
 
 *875
 
 nary injunction, and it is from that judgment we think the appeal was intended to be taken.” This result was consistent with the principles, as heretofore stated, which have so long been embedded in the jurisprudence of this state.
 

 We conclude, therefore, that the Court of Appeal improperly dismissed the appeal herein. Consequently, its judgment will be reversed and the appeal reinstated.
 

 Inasmuch as the Court of Appeal has not yet considered the merits of the appeal the cause will be remanded to that court so that it may pass upon the issues involved and render an appropriate judgment. McMichael v. Davis et al., 113 La.
 
 807, 37
 
 So.
 
 763,
 
 Buckley v. Thibodaux et al., 181 La. 416, 159 So. 603, Alengi et al. v. Hartford Accident and Indemnity Company et al., 183 La. 847, 165 So. 8, and Emmons v. Agricultural Insurance Company et al., 245 La. 411, 158 So.2d 594.
 

 For the reasons assigned the judgment of the Court of Appeal is reversed and set aside; the appeal is reinstated; and the cause is remanded to that court for a determination of the merits thereof. Costs of the present proceedings in this court are to be paid by plaintiff. All other costs are to await the final determination of the litigation.