BARNETTE, Judge.
This case is before us on two motions to dismiss a devolutive appeal. The first mo *140 tion to dismiss is based upon the alleged failure of appellant to appeal within 90 days of the delay allowed for timely filing of a motion for new trial, as required by Article 2087 of the Code of Civil Procedure. The second motion to dismiss is based upon appellant’s alleged failure to pay the costs of court as required by law for lodging the appeal. The case was submitted after argument and the filing of briefs on these motions.
A review of the record before us, however, discloses that appellant’s motion for appeal is not an appeal from the final judgment in this case, but is, instead, an attempted devolutive appeal from a judgment denying a motion for a new trial. A judgment rendered on a motion for new trial is not an appealable judgment. LSA-C.C.P. art. 2083; State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481 (1945). There being no right to appeal, it may be dismissed at any time. LSA-C.C.P. art. 2162. It is the court’s duty to do so whether the fact be brought to its attention by the litigants or discovered upon its own examination of the record. It cannot entertain an appeal where the right does not exist.
The essential facts may be stated briefly. After much delay in the trial of the case, it was finally submitted and taken under advisement by the trial court. On May 18, 1966, judgment was rendered, signed and filed in favor of plaintiff Fruehauf Trailer Company, against the defendant Carl J. Baillio, in the amount of $5,344 with interest, attorney’s fees and costs. Notice of judgment, as required by LSA-C.C.P. art. 1913, was mailed by the clerk of court to plaintiff’s counsel of record on May 20. Because of some error or failure on the part of the clerk of court, notice to defendant’s counsel was not mailed until July 22, 1966.
In view of the rationale of this opinion, it Is unnecessary to discuss the events which transpired giving rise to appellee’s motions to dismiss. Suffice to say that an application for new trial was filed on July 26, 1966, and a hearing was had on rule pursuant thereto on August 8, 1966. After hearing, judgment was rendered, signed and filed on August 8, 1966, denying the application for a new trial.
On November 4, 1966, defendant filed motion for appeal, the pertinent part of which is as follows:
“On motion of Carl J. Baillio, defendant in the above and entitled cause, through his undersigned counsel, and upon suggesting to the Court that defendant herein, Carl J. Baillio, is aggrieved by the judgment rendered and signed on August 8, 1966, and that he desires to appeal devolutively therefrom to the Court of Appeals, Fourth Circuit, State of Louisiana.”
On this motion devolutive appeal was granted and on the same day an appeal bond was filed. The pertinent part of the bond is as follows:
“WHEREAS, the above bounden Carl J. Baillio have [sic] this day filed a motion of appeal from a final judgment rendered against Carl J. Baillio in the suit of Fruehauf Trailer Company v. Carl J. Baillio No. 59-450 of the TWENTY-FOURTH JUDICIAL DISTRICT COURT for the Parish of Jefferson on the 4th day of November 1966 and signed on the 4th day of November 1966.”
A similar, but not identical, situation was presented to us in Kirkeby-Natus Corporation v. Campbell, 192 So.2d 167 (La.App. 4th Cir. 1966), and there, as here, we took notice ex proprio' motu that appellant had no right of appeal. Certiorari was granted by the Supreme Court, and, upon review, our judgment was reversed and the appeal reinstated (see 250 La. 868, 199 So.2d 904 [1967]). There are certain significant differences which, in our opinion, clearly distinguish this case from Kirkeby-Natus and take it out of the rationale of the Supreme Court in that case.
In Kirkeby-Natus, judgment in excess of $400,000 was rendered against the defendant on May 25, 1965. Timely motion for new *141 trial was filed and heard and on July 6, 1965, was denied. The defendant petitioned for appeal in the following language: “Petitioner desires to appeal devolutively from the final judgment rendered in the above cause on the 6th day of July, 1965.” We held initially (and on rehearing en banc with two judges dissenting) that defendant had attempted to appeal from the judgment overruling his motion for a new trial, a non-appealable judgment, and dismissed the appeal.
The Supreme Court reversed and adopted the rationale of the two dissenting opinions of this court. The Court held that defendant’s appeal “from the final judgment rendered in the above cause on the 6th day of July, 1965” (emphasis added) was clearly an intent to appeal from the only appealable judgment rendered in the cause, which was the one of March 25, 1965, and that the inclusion of the date July 6 was an inadvertent error. The Court reasoned further that the error was neither misleading nor prejudicial to the litigants. It pointed out that both appellant and appellee treated the appeal as one taken from the March judgment, which became final in July, in that they briefed and argued the case in the appellate court on the merits. Furthermore, and finally, the Supreme Court pointed to the appeal bond in which appellant recited the essential elements of the judgment of $414,200 against him from which a devolutive appeal had been taken. The Court said:
“* * * Of course, we realize that the recitation of the bond may not necessarily govern the appeal; but under the circumstances existing here it is certainly proof that it was defendant’s intention to appeal from the March 25, 1965 judgment, that being the only one which cast him for the amount stated.” 199 So.2d at 906.
Such are not the facts in this case. There was no expression of intent in appellant’s motion of appeal to appeal “from the final judgment rendered in the above cause” as in Kirkeby-Natus, but instead the declaration that he “is aggrieved by the judgment rendered and signed on August 8, 1966 [denying application for new trial] and that he desires to appeal devolutively therefrom.” Thus the motion for appeal by its own terms Lmits its effect to the judgment (of August 8) refusing a new trial. The order for appeal merely states “that a devolutive appeal is granted” fixing return date and bond.
The bond filed in this case, the pertinent portion of which is quoted above, does not recite the elements of the money judgment from which appeal is intended as in Kirke-by-Natus, but instead refers to a “final judgment” rendered against defendant in the suit by title and number “on the 4th day of November 1966 and signed on the 4th day of November 1966.” Obviously this date was inserted in the printed bond form erroneously, that being the date of the motion and order for the appeal. But are we to substitute a date for this one given in error? If so, what date? If we look to appellant’s “motion for appeal” to ascertain his intent, the date would be August 8,1966.
Furthermore, and finally, the appellant and appellee did not argue, brief, and submit this appeal on the merits as in Kirkeby-Na-tus, but instead it was submitted on motions to dismiss the appeal.
The reasons upon which the Supreme Court relied to reverse our opinion in Kirkeby-Natus v. Campbell, supra, which are well-founded in logic and were considered by us, cannot be applied to the factual situation in this case. There is nothing to which we can point in this case to indicate appellant had any other intention than that clearly stated in his “motion for appeal.”
This court also had occasion to dismiss an Appeal in another situation involving similar circumstances in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 166 So.2d 46 (La.App. 4th Cir. 1964). This opinion was later affirmed by the Supreme Court on review (see 247 La. 625, 173 So.2d 190 [1965]).
*142 It is true the Supreme Court did find in General Motors Acceptance Corporation that appellants by their argument before the Court admittedly intended to appeal from the judgment overruling the motion for a new trial, and used this as partial basis for affirming the decision which dismissed the appeal. However, it is our opinion that the Court, by pointing up this admission of appellant, did not intend to imply that unequivocal intent could not be determined in the absence of such admission. When the motion for appeal itself is so clear and unambiguous on its face as to leave no doubt as to its intention to appeal from a non-appealable judgment, it is fundamentally defective and the Court of Appeal must take notice of this fatal defect. To hold otherwise every appeal stricken with this fatal defect could be saved merely upon counsel’s declaration or the appellate court’s assumption that appellant intended something other than that which the motion for appeal unequivocally declares. If we are to dwell in the realm of assumption, we could assume that appellant intended to appeal from the only appealable judgment rendered against him in this case, but such assumption would be without supportive evidence such as found and relied on by the Supreme Court in Kirkeby-Natus.
We are fully cognizant of the jurisprudence which favors appeals and holds that appeals should not be dismissed except for substantial causes free from doubt. It is equally important that appellate courts adhere to the procedural rules established by law and the jurisprudence interpretive thereof. We will not yield to argument that no great harm could result in a specific case from a bending of the rule. Once the door is opened to exception, it soon follows that there is an exception to the exception and rules become meaningless.
Having concluded that the appeal is fatally defective for the reasons given above, it is not necessary for us to consider the issues raised by the two motions to dismiss filed by appellee.
The appeal is dismissed at appellant’s cost.
Appeal dismissed.