LANDRY, Judge.
Plaintiff-appellee, Dora T. Smith, Tutrix of the minor Cinderella Smith, has moved this court to dismiss the suspensive appeal taken herein by defendants-appellants, Hartford Accident and Indemnity Company, Edward Butler, Jr. and Kent Enterprises, Inc., from the judgment of the trial court denying appellants’ motion for a new trial and/or rehearing of a final money judgment in plaintiff’s favor, signed September 12, 1967. We find that the motion to dismiss must be granted considering the decree .appealed is interlocutory in nature and therefore nonappealable.
The record discloses that on the date above mentioned the trial court signed a money judgment in favor of plaintiff and against all defendants. Three days later, on September IS, 1967, all defendants moved for a rehearing and/or new trial which motions were heard October 20, 1967 and taken under advisement. Said motions were denied January 15, 1968, and judgment to said effect was signed January 18, 1968. Defendants moved for a sus-pensive appeal on February 1, 1968, and on said same date posted the requisite appeal bond. Plaintiff has moved to dismiss the appeal on the ground it was not timely taken.
From the briefs of the litigants submitted on behalf of and in opposition to the motion to dismiss, it is clear that all concerned view the focal issue as being whether or not appellants were entitled to notice of the judgment dismissing their motion for rehearing and/or new trial. However, careful consideration of the matter leads us to the conclusion such is not the decisive issue herein. On the contrary, we find the record contains a fundamental defect fatal to the appeal inasmuch as it appears no right of appeal exists with respect to the judgment appealed.
Appellants’ petition for a suspensive appeal, consisting of two paragraphs and a prayer, reads as. follows :
1.
“Petitioners desire to appeal suspen-sively from that certain judgment rendered in this cause on the 18th day of January, 1968.
2.
The judgment desired to be appealed from is a judgment dismissing a rule for a new trial.
WHEREFORE, defendants, Hartford Accident & Indemnity Company, Edward Butler, Jr., and Kent Enterprises, Inc., pray that they be granted an appeal in the above entitled and numbered cause returnable unto the First Circuit, Court of Appeal, State of Louisiana, within the delays fixed by law upon their giving bond with good and solvent surety conditioned as the law directs.”
Of further significance is the fact that the preamble to the appeal bond posted on appellants’ behalf reads in part-as follows:
“WHEREAS, judgment has been rendered by the Twenty-first Judicial District Court of Louisiana, for the Parish of Tangipahoa, in the above entitled and numbered cause on a rule for a new trial, which judgment was adverse to the defendants, Hartford Accident and Indemnity Company, Edward Butler, Jr., and *105 Kent Enterprises, Inc. and the said defendants have this 1st day of February, 1968, obtained an order of suspensive appeal therein, conditioned upon the furnishing of this obligation.”
From the foregoing it appears clear beyond doubt that appellants’ motion for appeal, and the terms of the bond posted in pursuance thereof, were couched in language designed solely to obtain appellate review of the judgment dismissing and rejecting their motion for rehearing and/or new trial. We can reach no other conclusion considering the petition and bond contain language referring specifically to the judgment denying said motions.
An appeal may be taken from a final judgment and from such interlocutory judgments which may cause irreparable injury. LSA-C.C.P. Article 2083; General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190.
A judgment refusing a new trial is not a final judgment, neither is it an interlocutory judgment causing irreparable injury. General Motors Acceptance Corp. v. Deep South Pest Control, Inc., supra.
In the case at hand appellants do not make the contention that they intended to appeal the judgment adverse to them on the merits. Their entire brief is devoted exclusively to an attempt to convince the appellate court the appeal was timely taken and perfected because appellants were entitled to notice of the judgment overruling their motion for new trial.
We hold, therefore, the instant matter falls squarely within the rule announced in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., supra. In the cited authority the appeal from a judgment refusing a new trial was dismissed under circumstances more favorable to appellant than those in the case at bar. This result was reached notwithstanding the court’s acknowledgment of the rule that appeals are favored in law and are to be maintained unless the grounds for dismissal show substantial cause and are free from doubt as to their application. In the General Motors case, supra, the court expressly held that an appeal from such a judgment is fundamentally defective in that no appeal lies from such a judgment. Consequently, the defect is lethal.
Neither can we entertain the argument that the appeal may be saved in conformity with the principle laid down in Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904. In the Campbell case, supra, the court held that from the allegations of the petition as a whole, it was clear the appellant intended to appeal the judgment against him on the merits. Also in the Campbell case, supra, the court found that whereas the petition for appeal indicated appellant desired to appeal the judgment rendered on a specified date (which incidentally was the date of judgment overruling appellant’s motion for new trial), said reference was inadvertent. This conclusion was reached on the finding that the petition as a whole indicated appellant’s intent to appeal the judgment in favor of plaintiff on the principal demand. Additionally, the court found that on appeal, appellant and appellee both considered and argued the matter as an appeal on the merits.
In the case at hand appellants in paragraph two of their petition clearly, specifically and categorically state the intent to appeal the judgment dismissing their application for new trial.
The case at bar is further distinquishable from the Campbell case, supra, in that in the quoted authority the appeal bond contained a reference to the judgment on the merits. In the case at hand, the hereinabove cited portion of the appeal bond alludes to the judgment on the rule for new trial, not the judgment adverse to appellants on the merits. Neither has either party considered this appeal to be on the merits. Rather, appellee’s motion to dismiss refers to the judgment appealed as *106 a decree overruling appellants’ application for new trial. In answering appellee’s motion to dismiss, appellants admit the allegation that the appeal is from the judgment overruling the application for rehearing.
For the reasons hereinabove stated, it is ordered, adjudged and decreed that the appeal taken herein by defendants, Hartford Accident and Indemnity Company, Edward Butler, Jr. and Kent Enterprises, Inc., be and the same is hereby dismissed at appellants’ cost.
Appeal dismissed.