LOTTINGER, Judge.
ON MOTION TO DISMISS APPEAL
The judgment of the Lower Court maintaining third party defendant-appellee’s exception of prescription, or in the alternative, motion for summary judgment, was rendered in this matter on November 30, 1967. On December 1, 1967, defendant and third party plaintiff and appellant timely filed a motion for a rehearing. On February 26, 1968, the Lower Court rendered a judgment denying appellant’s motion for a rehearing. On March 12, 1968, appellant *830 filed a petition for an appeal which states as follows:
1.
“The petitioner is aggrieved by the judgment, read, rendered and signed by this Honorable Court, through Edward A. de la Houssaye, III, Judge, on the 26th day of February, 1968 at Franklin, Louisiana; that the above mentioned judgment is contrary to the law and evidence and ■ petitioner desires to appeal therefrom devolutively to the Court of Appeals for the First Circuit, State of Louisiana.
2.
Petitioner should be granted a devolu-tive appeal from the above described judgment upon furnishing a bond in an amount to be fixed by this Court.
WHEREFORE, petitioner, Martha G. Vidos, d/b/a Atchafalaya Shipbuilding Company, prays that it be granted a de-volutive appeal to the Court of Appeal, First Circuit, State of Louisiana from the judgment read, rendered and signed herein on February 26, 1968 on furnishing proper bond, and that the said appeal be returnable on a date to be fixed by this Honorable Court.”
On said date the order of appeal was signed granting a devolutive appeal from the judgment rendered and signed therein on the 26th day of February, 1968, to this Court, returnable to this Court on or before May 10, 1968, upon the petitioner furnishing a bond in the amount of $200.00.
Third party defendant and appellee have filed in this Court a motion to dismiss the appeal, based on the fact that since appellant has only appealed from the judgment dated February 26, 1968 denying the motion for a rehearing and since no appeal has been taken from the final judgment dated November 30, 1967, that the appeal should be dismissed because no appeal lies from the interlocutory judgment dated February 26, 1968 denying appellant’s motion for a rehearing.
 In answer to a show cause order, the defendant and third party plaintiff and appellant has filed a brief in opposition to the motion to dismiss. Appellant contends that in its original brief which was filed after this appeal was lodged in this Court it states: “The lower Court erred in applying Louisiana law to the facts of this case, the general maritime law is controlling and under the general maritime the principal demand was not time barred and appellant’s third-party demand should not have been summarily dismissed.” Appellant further contends that its entire argument in its brief indicates that it is aggrieved by the Lower Court’s judgment summarily dismissing its demand. It further contends that appellee, Travelers Indemnity Company, also filed its answer brief which is solely addressed to the merits of the case and states “Vidos prosecutes this appeal urging that the District Court erred in applying Louisiana law where general maritime law is controlling and that under the general maritime law the H & H suit was not time barred.” Appellant further contends that appellee Easten ! Smith, d/b/a Paul’s Insurance Agency, likewise contended in its brief in its opening paragraph, “This is an appeal from a judgment dismissing a third-party demand on an exception of prescription or in the alternative motion for summary judgment filed by appellee where appellant paid a prescribed claim.” Appellant further contends and recognizes the fact that a judgment denying a motion for a new trial or a rehearing is not an ap-pealable judgment as defined by Article 2083 of the Louisiana Code of Civil Procedure. Appellant contends, however, that the date of February 26, 1968 given in the petition for appeal was made through inadvertence and error and that they did not intend to appeal from the judgment denying the motion for a new trial and rehearing, but intended to appeal from the judgment rendered on November 30, 1967, and *831 they further contend that where the petition, the prayer and order for the appeal indicates that they desire to appeal from the final judgment or the appealable judgment of the Lower Court, their appeal should not be dismissed, and they have cited us two very recent Supreme Court cases on the subject, that is Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904, and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312. In both of these cases the Supreme Court reversed the Fourth Circuit Court of Appeal on a matter similar to the present case. In the Fruehauf case supra, we note that the petition for the appeal is couched practically in the same language as the petition for the appeal in the instant case, that is, the defendant stating in part, “ * * * upon suggestion to the Court that defendant herein, * * * is aggrieved by the judgment rendered and signed on August 8, 1966, and that he desires to appeal devolutively therefrom * * * The August 8, 1966 date was the date that the motion for the new trial was taken up, argued, submitted and denied. Be that as it may, the Supreme Court in disposing of the matter in the Fruehauf case stated as follows:
“A review of the record affirmatively discloses that defendant felt aggrieved by the trial court’s judgment of May 18, 1966. It condemned him to pay $5,344.00, together wtih 8% interest from November 15, 1960 until paid and attorney’s fees in the amount of 15%. The judgment further recognized plaintiff’s alleged lien and chattel mortgage. In his motion for a new trial, supra, defendant set forth reasons why he felt aggrieved by the judgment. In denying the motion for a new trial, August 8, 1966, the trial court specifically stated, supra, that the original judgment was fully in accord with the law and the evidence. These facts make conclusive the finding that when defendant stated in his motion for appeal that he was aggrieved by the judgment rendered and signed on August 8, 1966, he committed an inadvertency, really meaning the judgment of May 18, 1966.
The Court of Appeal attempted to differentiate this case from that of Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904; it also attempted to differentiate defendant’s error from that committed in the Kirkeby-Natus case. We find that the case is apposite, and that the error is almost identical. In the Kirkeby-Natus case, a new trial was denied on July 6, 1965; in the petition for appeal, petitioner alleged that he desired to appeal devolutively from the final judgment rendered on July 6, 1965. This Court held that petitioner intended to, and did, appeal from the trial court’s judgment of March 25, 1965.
In the instant matter, we do not find that the appeal is fatally defective. Appeals are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594. We do not find that defendant’s inadvertency constituted a substantial cause for dismissal. Therefore, defendant intended to, and did, appeal from the judgment of May 18, 1966. See, Kirkeby-Natus, supra.”
The third party defendant and appellee have likewise called our attention to the case of Smith v. Hartford Accident & Indemnity Company, 211 So.2d 103, wherein this Court dismissed an appeal somewhat similar to the instant matter, but we wish to point out that in the Smith case the petition for a suspensive appeal specifically asked and stated: “The judgment desired to be appealed from is a judgment dismissing a rule for a new trial.” which is entirely different to the situation before us.
The jurisprudence as pronounced by the Supreme Court in the Fruehauf case, in our opinion, leaves no alternative for us but to deny the motion to dismiss the appeal. For the above and foregoing reasons, the motion to dismiss the appeal is denied.
Motion denied.