ELLIS, Judge.
This is a suit on a note, brought by Fidelity National Bank of Baton Rouge against John R. Sheppard. Judgment by default was rendered against defendant on November 21, 1969, and defendant timely applied for a new trial. Written reasons denying the application for the new trial were filed on October 23, 1970. On January 20, 1971, defendant filed a petition for appeal, which reads as follows:
“Petitioner desires to appeal devolutively from the final judgment denying a motion for a new trial, rendered on the 23rd day of October, 1970.”
Plaintiff’s entire brief is devoted to argument as to the propriety of the ruling of the district judge in denying the new trial. He complains of no irregularity in the proceedings leading up to the judgment of November 21, 1969, except to say that he was relying on an alleged local custom that he would be notified by opposing counsel before a default judgment would be taken.
We think it clear from the record that defendant intended to appeal from the judgment denying the new trial and not from the judgment of November 21, 1969. No appeal lies from a judgment denying a new trial. General Motors Accep. Corp. v. Deep South Pest Control, 247 La. 625, 173 So.2d 190 (1965).
The record does not reflect that defendant inadvertently put the wrong judgment date in his motion for appeal, as was the case in H & H Boat Rental Inc. v. Vidos, 221 So.2d 829 (La.App. 1 Cir. 1969), and authorities therein cited.
Since the judgment appealed from is an interlocutory, non-appealable judgment, defendant’s appeal must be dismissed.
The appeal is therefore dismissed, at defendant’s cost.
Appeal dismissed.