REDMANN, Judge
(dissenting).
This appeal should be construed as an appeal from a judgment of December 30, 1970, although the motion for appeal (and appeal bond) described the judgment appealed from as one of January 20, 1971, the date on which a motion for new trial was denied by written and signed refusal.
The facts here are not identical to Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968), but in my opinion dismissal of this appeal is contrary to that decision and Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904 (1967).
The sole difference in fact here is that, under very confusing procedural circumstances,[1] appellant thought there was a judgment rendered on January 20 in addition to the written refusal of (an untimely application for) new trial on that date. But the matter that brought appellant to court in the first place and has him seeking *393 appeal in the second place was in fact governed by the December 30 judgment, from which his January 20 appeal was timely.
In my opinion Fruehauf and Kirkeby-Natus [2] oblige us to consider this appeal as an appeal from the December 30 judgment.

. Two opposing rules were set for the same day, then continued by the court, then the continuance rescinded and trial ordered (as to one?) on a few hours notice (over many objections), judgment rendered December 30 not expressly (but prob *393 ably impliedly) ruling on appellant’s permanent custody request, rule somehow reset or continued (??) to January 20, at which time appellant believed a judgment was rendered on the custody, but in fact none was rendered, apparently on the theory the December 30 judgment after full hearing had settled the matter.

. See also Smith v. Hartford Acc. and Indem. Co., 254 La. 341, 223 So.2d 826 (1969).