JUDE G. GRAVOIS, Judge.
| ¡.The plaintiff, Darlene Lozier, has appealed the trial court’s denial of her Motion for New Trial. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The following facts are taken from plaintiffs prior appeal in this matter:
On October 26, 2001, plaintiff filed a “Petition to Recover Damages for Breach of Contract Against the Estate of William Jay Elmer and to Recover Payment of Wages Owed by the Estate of William Jay Elmer.” In her petition, plaintiff asserts that William Elmer was her employer from September 1989 until his death on June 17, 2001. She claims that during her employment with Mr. Elmer, she normally worked 104 hours per week and received $5.00 per hour. She alleges that although the federal minimum wage rate increased to $5.15 per hour on September 1, 1997, she continued to receive $5.00 per hour, and she never received compensation for her overtime hours at one and one-half times the regular rate, as required by law. Further, Ms. Lozier contends that Mr. Elmer promised her that if she continued to work for him and act as his partner to develop his commercial property, known as Elmer’s Island, he would take care of her for the rest of her life by providing a house, car, and living *239 expenses. In her petition, Ms. Lozier seeks a judgment against the Estate of William Elmer (“the Estate”) for compensation for nonpayment of wages at the accepted federal minimum wage for regular and overtime work, and a judgment for a house, car, and living expenses for the rest of her life, as well as any other reasonable damages.
|sOn December 10, 2001, the Estate filed an Answer and Reconventional Demand, asserting that no damages, wages, or other compensation is owed to Ms. Lozier, and seeking damages against Ms. Lozier for wrongful conversion of succession assets.
Lozier v. Estate of Elmer, 08-225 (La.App. 5 Cir. 9/30/08), 996 So.2d 511-512.
The trial court’s grant of defendant’s Exception of Res Judicata formed the basis of plaintiffs first appeal. This court reversed the trial court’s grant of defendant’s exception and remanded the matter for further proceedings.
The matter proceeded and was set for trial on August 24, 2009. However, on the morning of trial, plaintiff filed a Motion to Recuse the trial judge. Plaintiffs attorney did not appear for the hearing on the motion, which the trial judge denied. The trial judge then granted defendant’s oral motion to dismiss plaintiffs suit with prejudice. On October 29, 2009, the trial judge signed a judgment denying the Motion to Recuse and dismissing plaintiffs suit with prejudice. Said judgment was mailed to the parties on November 2, 2009. On November 9, 2009, plaintiff filed a Motion for New Trial. This motion was denied after a hearing conducted on February 4, 2010. On March 31, 2010, plaintiff filed a Motion and Order for Devolutive Appeal, specifically stating “[pjlaintiff desires to appeal devolutively from the final judgment denying a Motion for a New Trial in this action”.

APPEALABILITY OF DENIAL OF MOTION FOR NEW TRIAL

The denial of a motion for new trial is an interlocutory judgment which is not appealable. Brister v. Continental Ins. Co., 30,429 (La.App. 2 Cir. 4/8/98), 712 So.2d 177. Rather, the denial of a motion for new trial is reviewable only under the appellate court’s supervisory jurisdiction for abuse of discretion. Jennings v. J. Ray McDermott Holdings, Inc., 99-3161 (La.App. 4 Cir. 4/5/00), 760 So.2d 462, 463.
However, our courts have held that appeals are favored in law, must be maintained whenever possible, and will not be dismissed for mere technicalities. Parfait v. Transocean Offshore, Inc., 07-1915 (La.3/14/08), 980 So.2d 634, 639; Smith v. Hartford Accident and Indem. Co., 254 La. 341, 223 So.2d 826 (1969); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904 (1967). Any doubt concerning the validity of an appeal should be resolved in favor of the appellant to the end that an appeal can be sustained. Smith, supra; Fruehauf, supra; Kirkeby-Natus Corp., supra.
Thus, an appeal from the order denying a new trial, rather than from the judgment from which the new trial is sought, is improper. However, when the motion for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the judgment on the merits, then the appeal should be considered. Smith, supra; Fruehauf, supra; Kirkeby-Natus, supra; Brister, supra. This view conforms to the mandate of LSA-C.C.P. art. 865 to construe every pleading so “as to do substantial justice.”
In her appellate brief, plaintiff argues that the trial court erred in denying her Motion for New Trial because the trial *240 court erred in denying her Motion to Re-cuse. In plaintiffs view, once the Motion to Recuse was filed, the trial court had to either grant the motion recusing itself or refer the motion to another judge for ruling. Plaintiff contends that once the Motion to Recuse was filed, the trial court had no power to act until the motion was either granted or referred to another judge for ruling. Plaintiff concludes that the trial judge was without authority |5when she denied the Motion to Recuse and dismissed plaintiffs action with prejudice. Thus, it is obvious from plaintiffs brief that she contends that the underlying judgment on the Motion to Recuse was improperly denied. Accordingly, we will maintain the appeal and address the merits of plaintiffs arguments.

MOTION TO RECUSE

The record reflects that at 8:38 a.m. on August 24, 2009, plaintiff filed a Motion to Recuse Judge Joan Benge from this matter. Plaintiff admits that the trial on the merits of plaintiffs case was set for the morning of August 24, 2009, but contends the motion was timely filed because it was filed prior to trial. Plaintiffs counsel states that he called opposing counsel to inform him that he was filing said motion but was told opposing counsel was unavailable. After filing the motion, plaintiffs counsel left the courthouse and brought a copy of the motion to opposing counsel’s office.
The recusal motion alleges that pursuant to La. C.C.P. art. 151(A)(4), the trial judge should be recused. La. C.C.P. art. 151(A)(4) states:
A. A judge of any court, trial or appellate, shall be recused when he:
(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorney or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.
The motion alleges that Judge Benge was the subject of a proceeding by the Judiciary Commission which recommended she be removed from office. The motion also alleges that Judge Benge exhibited an unfavorable opinion of the plaintiffs cause of action and the plaintiffs attorney “starting in May of 2006 when the defendant hired an attorney who was a social and golfing friend of Judge |fiBenge.” The motion also alleges that the favorable view of defendant’s attorney and unfavorable view of plaintiffs action and her attorney were apparent at a motion hearing that took place on July 25, 2006 in which the trial judge ruled in favor of defendant and against plaintiff. The motion also alleges that this bias continued on August 18, 2009 when the trial judge denied plaintiffs motion to appeal a judgment entered on June 2, 2009. The motion states that a motion to appeal the August 13, 2009 judgment was still pending. The recusal motion was not accompanied by a memorandum. The order attached to the recusal motion was signed by the trial judge and states that the hearing on the motion would be held on August 24, 2009 at 1:00 o’clock p.m.
The record reflects that when the matter was called on the trial court’s docket neither plaintiff nor plaintiffs counsel were present. Other matters on the docket were then taken up. The matter was called again and it was noted on the record that the matter was set for trial that morning. Again, neither plaintiff nor her counsel were present. The trial judge noted that plaintiffs counsel was in the courthouse earlier that morning. The trial judge then allowed opposing counsel to argue his opposition to the Motion to Re-cuse. The trial judge then stated:
... For the record, too, I want to state that Mr. Boohaker [counsel for *241 plaintiff] was called at 11:30 this morning. I did get him on the phone. I had in chambers with me both defense counsel, Mr. Hooks, Mr. Mounger, and Ms. Liz Burke, my law clerk.
We informed him that I was in receipt of his motion to recuse....
[[Image here]]
... Mr. Boohaker did not file a motion to continue this trial. This trial has been ongoing since 2001. There was no memo filed in support of the motion to recuse.
Mr. Boohaker relayed on the phone that he would not be present at 1:00 o’clock even though I gave him an hour and a half to return to the courthouse today. He indicated on the phone for me to do what I had to do, that he would not be present at 1:00 p.m.
|7The trial judge then went on to address the merits of the Motion to Recuse.
The trial judge stated that the “golfing friend” referred to in the Motion must be Mr. Zibilich, who was enrolled as counsel for defendant at one point in these proceedings. The trial judge explained that her relationship with Mr. Zibilich was revealed to plaintiffs attorney at the onset of Mr. Zibilich’s involvement and plaintiffs attorney stated that he had “no problem with it.” The trial judge noted that during Mr. Zibilich’s involvement, there had been rulings favorable to plaintiff. The trial judge further noted that the judgment to which plaintiff refers was three years old and that Mr. Zibilich had been off of this ease since February 2009.
The trial judge further stated that the judicial complaint filed against her had been made public since July 15, 2009 and plaintiff’s attorney had since that date to file the Motion to Recuse if he felt that proceeding would affect her ability to be fair and impartial in this case.
The trial judge then denied the Motion to Recuse stating that “if the motion does not allege a valid ground for recusal, the trial judge may deny a motion without referring the matter to another [judge].” The trial judge further stated that the motion was insufficient since there was no memorandum attached to the motion and the motion was not filed timely. Noting that this was the sixth setting for trial in this matter, the trial court found that the Motion to Recuse was “a complete sabotage in my opinion to the trial of this matter knowing that it has been set today for trial.”
Once Judge Benge denied the Motion to Recuse, the defense attorney orally moved for a dismissal of the case with prejudice based because of the failure by plaintiff and her counsel to appear. The trial court then granted this motion and dismissed the case.
Is A judgment denying the Motion to Re-cuse and dismissing plaintiffs suit with prejudice was signed on October 29, 2009 and mailed by the clerk of court on November 2, 2009. Plaintiff filed a Motion for New Trial on November 9, 2009.
At the hearing on the Motion for New Trial, which was heard by ad hoc Judge William Credo, the plaintiffs attorney was questioned as to why he left the courthouse after filing the Motion to Recuse. Plaintiffs attorney responded that he had left because once a motion to recuse has been filed, the trial judge had no authority to act in a case. He explained that pursuant to La. C.C.P. art. 154, the trial judge can either recuse himself or refer the motion to another judge. Plaintiffs counsel argued that under La. C.C.P. art. 155, the motion has to be randomly allotted to another judge. Plaintiff’s counsel admitted to receiving a phone call from Judge Benge who informed him that she was going to try the Motion to Recuse at 1:00 *242 o’clock p.m. that day. Plaintiffs counsel stated that he told Judge Benge of his interpretation of the law but Judge Benge stated that she was going to try the motion. He admitted that he informed Judge Benge that he would not be returning to the courthouse for the hearing on the Motion to Recuse. At the hearing on the Motion for New Trial, plaintiffs counsel argued that any actions taken by the trial judge after the Motion to Recuse was filed has no effect. Under plaintiffs counsel’s interpretation of the law, he could file a Motion to Recuse up to the time the trial began.
In opposition, defendant argued that two of plaintiffs allegations for recusal were based on rulings made by the trial judge in 2006, while the third related to the trial judge’s denial of plaintiffs motion for appeal. Defendant noted that plaintiff could have taken a writ on the alleged adverse rulings but failed to do so. With respect to the allegations regarding proceedings by the judiciary commission, defendant noted that at the time the Motion to Re-cuse was filed, the Supreme Court |9had not removed Judge Benge from office indicating that the Supreme Court was not concerned about her ability to continue on the bench. Defendant concluded the Motion to Recuse was properly granted.
In denying the Motion for New Trial, Judge Credo noted that in denying the recusal, Judge Benge found that there was “no valid ground for recusal” set forth in the motion. Judge Credo disagreed with plaintiffs counsel’s interpretation of the law that the filing of a Motion to Recuse stops a trial judge from acting. Further, Judge Credo noted that the timeliness of the filing of the Motion to Recuse was suspect and stated “that the timeliness of your motion would preclude any relief on it just on that issue alone.” Judge Credo then denied the Motion for New Trial and ordered that the ruling on the Motion to Recuse be upheld.

ANALYSIS

La. C.C.P. art. 154 provides:
A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recu-sation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.
In the instant case, the allegation claiming the trial judge should be recused due to the proceedings of the judiciary commission is without merit. As stated by defendant, the Supreme Court chose not to remove Judge Benge from the bench during the pendency of the proceedings against her.
With regard to the allegation referencing Mr. Zibilieh, the record reflects that the ruling adverse to plaintiff occurred some three years prior to the time plaintiff filed the recusal motion. The Motion for Recusal states: “In a hearing on |inan Exception of Res Judicata and No Cause of Action held before Judge Benge on July 25, 2006, it was alarmingly apparent that Judge Benge had a ‘favorable view of the defendant’s attorney5 and an ‘unfavorable view* of the Plaintiffs action and her attorney.” Neither the record on appeal, nor the record from the prior appeal, which is an exhibit to the record on appeal, contains a transcript of a hearing held on July 25, 2006.
*243 Further, while Mr. Zibilich was enrolled as counsel for defendant, the trial court denied defendant’s Exception of No Cause of Action. Additionally, at the hearing on the exception, counsel for plaintiff stated:
... [T]hank God Mr. Zibilich has been in this case for two years. That’s the longest — or three years. That’s the longest any attorney has been in this case since 2001....
I would be happy to try it before Your Honor without a jury....
Thus, we find that the allegation regarding bias related to Mr. Zibilich and the hearing of July 25, 2006 to be completely without merit.
The Motion to Recuse further alleges that Judge Benge exhibited bias and prejudice to plaintiffs action and plaintiffs attorney on August 18, 2009 when Judge Benge denied plaintiffs motion to appeal a final judgment dated June 2, 2009. The record on appeal does not contain a judgment dated June 2, 2009. However, the record does contain a judgment dated June 3, 2009 in which Judge Benge denied plaintiffs motion to subpoena the decedent’s attorney, finding that any information this attorney may have is protected by the attorney-client privilege and the exceptions to this privilege urged by plaintiff do not apply. The record does contain an order dated August 13, 2009 denying plaintiffs motion for devolutive appeal of the trial court judgment dated June 3, 2009 stating “An interlocutory judgment is ap-pealable only when expressly provided by law. La. C.C.P. art. 2083.” Assuming the allegation in the recusal motion referencing a |nJune 2, 2009 judgment actually refers to the June 3, 2009 judgment, then Judge Benge correctly denied the Motion to Appeal. In that instance, the judgment sought to be appealed was an interlocutory judgment involving a discovery matter which is a non-appealable judgment. Thus, the allegation in the recusal motion alleging bias on the part of Judge Benge for her August 13, 2009 denial of plaintiffs Motion to Appeal is completely without merit.
Finally, the recusal motion states a “Motion to [A]ppeal the Judgment of the [sic] August 13, is pending.” The record reflects that plaintiff filed a Motion and Order for Devolutive Appeal from the August 13, 2009 judgment on August 21, 2009. On August 24, 2009, the trial court denied this motion stating: “The proper procedure for challenging this Court’s August 13, 2009 judgment is an application for supervisory writs. See La. C.C.P. arts. 2201 & 2083.” This ruling was correct. Thus, we find that the allegation regarding bias related Judge Benge’s denial of plaintiffs motion for appeal to be completely without merit.
To form a valid ground for re-cusal pursuant to La. C.C.P. art. 151, the bias or prejudice alleged is required to be of a substantial nature and based on more than conelusory allegations. Augman v. City of Morgan City, 03-0396 (La.App. 1 Cir. 12/31/03), 864 So.2d 248, 249. When the Motion to Recuse fails to enunciate valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge. Id. at 250. As discussed above, the allegations contained in plaintiffs Motion to Re-cuse are without merit and do not state a valid ground for recusation. For this reason, Judge Benge was not precluded from taking up and ruling on the Motion for Recusal. Furthermore, Judge Benge correctly denied plaintiffs Motion to Recuse. Moreover, because the recusal motion did not state a valid ground for recusation, Judge Benge had the |12authority to dismiss plaintiffs action due to no appearance *244 being made by plaintiff -when the matter was called for trial.
Appellate review of a ruling on a motion for new trial is whether the trial court abused its discretion. Guillory v. Lee, 09-0075 (La.2009), 16 So.3d 1104, 1131. Having found the Motion to Recuse did not state a valid ground for recusal and that Judge Benge did not err in ruling on the Motion to Recuse, we find no abuse of discretion by Judge Credo in denying plaintiffs Motion for New Trial.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff.

AFFIRMED