NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-782

STATE IN THE INTEREST OF P.K., G.S. & L.A.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 23077
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

EXCEPTION OF PRESCRIPTION DENIED.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Thomas W. Sanders, Jr.
Louisiana Department of Children and Family Services
4250 5th Avenue
Lake Charles, LA 70607
(337) 475-3032
Counsel for Appellee:
State of Louisiana

D. Bruce Jones
Attorney at Law
700 First Ave.
Sulphur, LA 70663
(337) 528-3314
Counsel for Appellant:
J. A.

**PICKETT, Judge.**

J.A., the mother of three children adjudicated as children in need of care and in the custody of the state, appeals a judgment approving a case plan and the trial court's modification of the terms of the visitation granted in the case plan.

<u>STATEMENT OF THE CASE</u>

J.A.'s three children were taken into the state's custody pursuant to an Instanter Order issued on February 4, 2010. The children were adjudicated in need of care on April 22, 2010, pursuant to a stipulation entered into at the conclusion of a hearing on the issue. Following a hearing held on December 9, 2010, J.A. applied for supervisory writs with this court.

In her application, she alleged three errors. First, she argued that the trial court should have held a contradictory hearing before denying her Motion to Vacate Adjudication, Motion to Strike Affidavits, and Motion to Dismiss. Second, she sought reversal of the trial court's April judgment adjudicating the children in need of care and the judgment approving the state's case plan for J.A. in September. Third, she argued that the trial court erred in modifying the state's case plan at a December 9, 2010 hearing with respect to J.A.'s visitation of her children. In an unpublished writ decision issued February 2, 2011, this court granted relief on the first issue raised by J.A., but denied the application for supervisory writs on the remaining issues:

> **<u>WRIT GRANTED IN PART AND MADE PEREMPTORY:</u> <u>WRIT DENIED IN PART.</u>** We find that the trial court erred in denying the relator's motion to vacate adjudication, motion to strike affidavits, and motion to dismiss without holding a contradictory hearing. *See* La.Ch.Code art. 667. Accordingly we remand this matter to the trial court for a hearing to be held on the aforementioned motions.
>
> Insofar as the relator asks this court to remand her motion to modify disposition for a contradictory hearing to be held, we find no

error in the trial court's denial without holding such a hearing. *See* La.Ch.Code art. 714.

Insofar as the relator seeks reversal of the trial court's April, 2010 adjudication and September, 2010, judgment of disposition, we find that the appropriate method of review was through appeal. *See* La.Ch.Code art. 330(B). Notice of the signing of the September, 2010 judgment was sent September 17, 2010. Therefore, appeal delays have run, and accordingly, we decline to convert this writ application to an appeal. *See* La.Ch.Code art. 332.

Insofar as the relator seeks review of the December 9, 2010 ruling, we find that once a written judgment is signed and notice of the signing of the judgment is sent, the relator has a remedy by appeal. *See* La.Ch.Code art. 330. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Accordingly, we deny the writ application insofar as it seeks review of an appealable judgment.

The trial court held another disposition hearing on March 1, 2011 to review the state's case plan for J.A. and the fathers of the children. On March 3, 2011, the trial court signed a judgment approving the case plan submitted by the state. The judgment was filed on March 15, 2011. J.A. filed a motion to appeal that judgment, which the trial court granted on April 5, 2011. The substance of her arguments before this court relate to the actions of the court at the December hearing.

The state filed a motion to dismiss J.A.'s appeal, arguing that she appealed the incorrect judgment, i.e., she should have appealed the judgment relating to the December hearing. That judgment was not reduced to writing and signed by the trial court, though, until April 1, 2011. It was filed on April 6, 2011, and notice of the judgment was not sent to the parties until May 11, 2011. We denied the motion to dismiss the appeal and allowed the state 14 days to file an opposition brief on the merits of J.A.'s appeal. The state responded with an exception of prescription, alleging that the April 5 motion to appeal was an untimely appeal of the April 6 judgment.

2

## ASSIGNMENTS OF ERROR

In this appeal, J.A. asserts two assignments of error:

1. The district court erred in exceeding its authority by ordering modifications to the case plan that restrict visitation between parent and children beyond the restrictions already in the case plan and that prohibit a loving grandmother from visiting her grandchildren.

2. The district court erred in accepting a case plan that states, "[J.A.] will take the necessary steps to ensure that she clears up any accepted charges before placement of the children in her home," when she had not been found guilty of any wrongdoing. It would be a violation of the 14th amendment due process rights for the state to take children from a family on the speculation that the family might be later found guilty of some charges since the state can file charges against anyone at any time. Thus, it should also be a violation of the 14th amendment due process for the state to justify denying a mother custody of her children, and leading to termination of her basic fundamental parental rights, on the speculation that she might be found guilty and might be sent to prison at some unknown time in the future.

## DISCUSSION

*Exception of Prescription*

The exception of prescription is overruled. "[A]ppeals are favored by the courts; . . . they should be dismissed only for substantial causes; and . . . unless the grounds urged for dismissal are free from doubt appeals will be maintained." *Kirkeby-Natus Corp. v. Campbell*, 250 La. 868, 871-872, 199 So.2d 904, 905 (1967). J.A. sought relief in this court via a supervisory writ, and this court told her to file an appeal when she had a judgment. When the court signed a judgment, she filed an appeal. The case review judgment signed on March 3, 2011 is largely duplicative of the issues raised in the December hearing, though not completely. In fact, the March 3, 2011 judgment supersedes the April 6, 2011 judgment. We will maintain the appeal, keeping in mind the effect that the March 3 judgment has on the actions taken by the trial court at the December hearing. *See also Glasgow v. PAR Minerals Corp.*, 10-2011 (La. 5/10/11), ___ So.3d ___, footnote 3.

*Trial Court's Revision of the Case Plan*

At the December 9 hearing, the state submitted a case plan, which included a provision for J.A. to meet with her children once a week at Books-A-Million. The case plan also indicated that grandparents may visit with the children once a month. Based on testimony and recommendations by the Court Appointed Special Advocate (CASA) assigned to the children, the trial court modified the case plan on its own motion. It ordered that J.A.'s visits with her children occur at Whistle Stop, and it ordered that J.A.'s mother have no contact with the children unless authorized by the state.

The trial court's function at a case review hearing is to approve a case plan or order the department to revise the case plan. *State ex rel. R.A.*, 06-2380 (La. 12/15/06), 944 So.2d 1262. While the trial court does not have the authority to change the terms of the case plan, we interpret the additional terms regarding visitation as an order for the state to revise the case plan. Our interpretation is bolstered by the fact that the case plan approved by the court at the March hearing included the terms for visitation ordered by the trial court at the hearing in December and memorialized in writing in the April judgment. Thus, even if the trial court exceeded its authority in modifying the case plan (which we do not find to be the case), the superseding judgment of March 3, 2011, renders this assignment of error moot.

*Requirement that J.A. "Clears Up Any Accepted Charges"*

J.A.'s case plan as approved by the court includes the following provision:

[J.A.] will take the necessary steps to ensure that she clears up any accepted charges before placement of the children in her home.

4

J.A. claims that this action item refers to February 4, 2010 charges of cruelty to a juvenile filed against her. She argues that the action item is vague and impossible for her to control, and that its inclusion violates her 14th Amendment rights.

At the outset, we reject the state's contention that since J.A. did not timely appeal the September 2010 case plan, which first included the provision J.A. complains of in this assignment of error, her appeal of the provision in a subsequent case review judgment is untimely. Each case plan review judgment stands on its own and is reviewable on appeal. Furthermore, this provision continues to appear in the March 2011 case plan from which J.A. indisputably took an appeal.

The state acknowledges in its brief that as written, the requirement that a mother take steps to clear up charges "seemingly conflicts" with her desire to dispute criminal charges. We also note that J.A. has limited ability to "clear up" the charges inasmuch as the district attorney has the ultimate authority to pursue criminal charges. The state goes on to argue that failure to resolve the matters might be considered insufficient to reach a finding that J.A. has not substantially completed her case plan.

We find that this element of J.A.'s case plan is impermissibly vague and to a certain extent out of her control. We reverse the judgment of the trial court insofar as it approved this part of her case plan and order the state to delete the provision from the case plan or clarify J.A.'s responsibilities as they relate to the criminal charges pending against her.

## CONCLUSION

The exception of prescription filed by the state is overruled.  The judgment of the trial court is affirmed in part and reversed in part, and the matter remanded for further proceedings consistent with this opinion.

**EXCEPTION OF PRESCRIPTION DENIED.**
**AFFIRMED IN PART , REVERSED IN PART, AND REMANDED.**