STATE OF LOUISIANA

VERSUS

PROPERTY SEIZED FROM LARRY JUNIOR

NO. 23-CA-212

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 823-611, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING


January 31, 2024


**TIMOTHY S. MARCEL**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Timothy S. Marcel


**JUDGMENT VACATED;**
**MATTER REMANDED WITH INSTRUCTIONS**
    **TSM**
    **JGG**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Monique D. Nolan
    Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
LARRY JUNIOR
    H. Thomas Murphy

**MARCEL, J.**

In this *in rem* civil forfeiture proceeding filed pursuant to La. R.S. 40:2601 *et seq.*, claimant Larry Junior appeals a March 9, 2023 judgment of the trial court granting the State's Motion to Strike Claim, denying Mr. Junior's Motion to Amend Pleadings and entering judgment in favor of the State against the property. For the following reasons, we find that the trial court legally erred in denying claimant's Motion to Amend. We therefore vacate the judgment of the trial court and remand this case with instructions to the trial court to allow Mr. Junior the opportunity to amend his claim within a reasonable amount of time.

BACKGROUND

Detectives with the Jefferson Parish Sheriff's Office on November 9, 2021 seized an orange 2010 Chevrolet Camaro registered to Larry Junior during the course of an ongoing narcotics investigation. Mr. Junior was arrested that same day and later charged with possession with intent to distribute marijuana.[1] Also on that same day, pursuant to La. R.S. 40:2608(4), the officers provided Mr. Junior with personal service of the Notice of Pending Forfeiture.

On November 21, 2021, Mr. Junior, through his counsel, filed a Claim of Ownership and Opposition to Forfeiture wherein he claimed ownership of the Chevrolet Camaro. He stated further that the property was not subject to seizure because it was not gained from or being used for illegal narcotics sales and that the automobile had been purchased using funds Mr. Junior received from an automobile accident. In support of this claim, Mr. Junior attached various documents including copies of checks, bank statements, a bill of sale, letters from the insurance company, and a receipt from a title transfer.

On December 14, 2021, the State instigated these *in rem* proceedings by filing a Petition for Forfeiture pursuant to La. R.S. 40:2601, *et seq*. The petition

---

[1] Subsequently, Mr. Junior pled guilty to an amended charge of simple possession of marijuana.

included as attached exhibits copies of the Notice of Pending Forfeiture and the Seizure Warrant.[2] Nine months later, on September 29, 2022, the State filed a "Motion to Strike Claim (Exception of No Right of Action)" in which it sought to have Mr. Junior's claim deemed insufficient as a matter of law and struck because the claim failed to comport with the requirements of La. R.S. 40:2610. In response, on October 28, 2022, Mr. Junior filed a "Motion to Dismiss the State's Motion to Strike Claim - Alternatively Motion to Amend Pleadings" in which he argued that his Claim of Ownership and its attached exhibits did comport with the requirements set forth in La. R.S. 40:2610, and requested, in the alternative, the opportunity to amend his pleadings.

A hearing on the Motion to Strike, Motion to Amend, and the Petition for Forfeiture was held on January 23, 2023, at which time the trial court denied Mr. Junior's Motion to Amend upon finding that an amendment to any petition or claims by the owner to be prohibited by law. The court then proceeded to determine that Mr. Junior's Claim of Ownership was insufficient under La. R.S. 40:2610, granted the State's Motion to Strike, and rendered judgment on the petition in favor of the State. Mr. Junior's timely appeal followed.

On appeal, Mr. Junior argues that the trial court erred when it denied his Motion to Amend and in granting the State's Motion to Strike. We consider these assignments of error in our discussion below.

DISCUSSION

*Motion to Amend*

We consider first whether the trial court erred in denying Mr. Junior's Motion to Amend. As noted above, the trial court held as a matter of law that owners are prohibited from amending their claims. Appellate review regarding

---

[2] There is no evidence in the record indicating that Mr. Junior was ever served with a citation and certified copy of the petition by the District Attorney as required under La. R.S. 40:2612(B) and La. R.S. 40:2608(3).

questions of law is simply a review of whether the trial court was legally correct or legally incorrect. *Anderson v. Dean*, 22-233, (La. App. 5 Cir. 7/25/22), 346 So.3d 356, 364. On legal issues, the appellate court gives no special weight to the findings of the trial court, but reviews questions of law *de novo*. *Id.*

Forfeiture proceedings pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601, *et seq.*, are civil proceedings governed by the Louisiana Code of Civil Procedure except as otherwise provided by specific provisions of the Act. La. R.S. 40:2611(K); *State v. Marino*, 15-723, (La. App. 5 Cir. 5/12/16), 193 So.3d 371, 374. In order for the Act to function as intended, courts must ensure that both the State and the owner or interest holder strictly follow each of the Act's detailed requirements for the various stages in the process. *State v. 2003 Infiniti G35 VIN No. JNKCV51E93MO24167*, 09-1193, (La. 1/20/10), 27 So.3d 824, 828.

The trial court's determination that Mr. Junior's amendment of his claim was prohibited by law appears to have been based on arguments presented by the State that amendments to Claims of Ownership are expressly prohibited by the language of the Act, in the particular language in La. R.S. 40:2610(A) that stated:

> A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided by this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. *No extension of time for the filing of a claim shall be granted*.
>
> (Emphasis supplied.)

The trial court interpreted this language concerning the prohibition on the extension of time for the filing of a claim to prohibit amendment of timely filed claims. In so doing, we find that the trial court committed legal error.

We observe that, at the time of the filing of the Motion to Amend in October of 2022 and at the time of the hearing on the motion in January of 2023, the above-

emphasized language had been removed by Legislative amendment and was not in effect. The language of Section A of Section 2610 was amended by Acts 2022, No. 698, § 1 which became effective August 1, 2022. The language denying an extension of time for the filing of a claim was removed and replaced. The statute now reads:

> A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided by this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. *The court may grant an extension of time for the filing of a claim pursuant to this Section for good cause shown. Incarceration of an owner or interest holder during the original thirty-day period shall create a rebuttable presumption of good cause as to the owner or interest holder. A motion requesting an extension shall be filed within sixty days after receipt of the Notice of Pending Forfeiture.*

(Emphasis supplied.)

The language that is the trial court's purported statutory basis for denying claimant's Motion to Amend is no longer part of the law.

We find that the trial court erred in applying La. R.S. 40:2610(A) to claimant's Motion to Amend because, regardless of whether the old or new version is considered, the plain language of the statute makes no express provision for or reference to the *amendment* of claims. Instead, it refers only *extensions* of time for filing a claim. When the law is clear and unambiguous and its application does not lead to absurd consequences, then the law shall be applied as written. La. C.C. art. 9; *Yount v. Handshoe*, 14-919, (La. App. 5 Cir. 5/28/15), 171 So.3d 381, 386. To apply La. R.S. 40:2010(A) to a motion to amend requires the court to not only conflate these two legally distinct terms, amendment and extension, but also to disregard the uncontested fact that Mr. Junior timely filed his Claim of Ownership within the statutorily mandated timeline.

As correctly noted in the State's appellate brief, there is no basis under the Act that allows for amendment of the Claim. However, as noted above, the Act

itself specifically states that forfeiture proceedings are civil proceedings governed by provisions of the Louisiana Code Civil Procedure unless otherwise provided in the Act. La. R.S. 40:2611(K). In the absence of specific provisions of the Act governing amendment of Claims of Ownership, the general rules of civil procedure apply. Under La. C.C.P. art. 1154, amendment of pleadings should be liberally allowed if the movant is acting in good faith, the amendment is not a delaying tactic, the opponent is not unduly prejudiced, and the trial of the issues is not unduly delayed. *Mooers v. Sosa*, 01-286, (La. App. 5 Cir. 9/25/01), 798 So.2d 200, 204. Under the general rules of civil procedure, Mr. Junior should have been granted the opportunity to amend his claim.

*Motion to Strike*

Allowing for the claimant to amend his pleading in the *in rem* proceeding is also consistent with La. C.C.P. art. 934, which provides that when the grounds of an objection pleaded by peremptory exception may be removed by amendment to the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. The State filed a "Motion to Strike Claim (Exception of No Right of Action)" perhaps in recognition that the Motion to Strike is the incorrect caption for its motion. A motion to strike pursuant to La. C.C.P. art. 964 is not an authorized or proper way to procure the dismissal of a complaint or cause of action. *Carr v. Abel*, 10-835, (La. App. 5 Cir. 3/29/11), 64 So.3d 292, 296, *writ denied*, 11-0860 (La. 6/3/11), 63 So.3d 1016. A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. *Id.* Such a showing has not been made here. Instead, the State's motion is more correctly considered by its sub caption, a peremptory exception of no right of action under La. C.C.P. art. 927. The peremptory exception of no right of action questions

whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. *Caceras v. Work*, 12-1097, (La. App. 4 Cir. 2/27/13), 110 So.3d 275, 278; *Jefferson Par. Sch. Bd. v. TimBrian LLC*, 18-349, (La. App. 5 Cir. 5/9/19), 273 So.3d 528, 534, *writ denied*, 19-00957 (La. 9/24/19), 278 So.3d 979, *and writ denied*, 19-00954 (La. 9/24/19), 279 So.3d 388, *and writ denied*, 19-01010 (La. 9/24/19), 279 So.3d 933. To prevail on a peremptory exception pleading the objection of no right of action, the mover must show that the claimant does not have an interest in the subject matter of the suit or the legal capacity to proceed with the suit. *Strategic Med. All. II v. State*, 22-0051, (La. App. 1 Cir. 11/4/22), 355 So.3d 55. The question to be resolved on the State's motion was whether Mr. Junior has a legitimate property interest in the 2010 Camaro such that he should be allowed to participate in the forfeiture proceeding.[3] Because upon *de novo* review we find that the trial court legally erred in failing to allow Mr. Junior the opportunity to amend his claim, we pretermit any further discussion as to the merits of this second assignment of error relating to the State's Motion to Strike, except to note, as stated above, that a motion to strike is not the proper way to dismiss Mr. Junior's claim.

CONCLUSION

Accordingly, and for the foregoing reasons, we vacate the March 9, 2023 judgment of the trial court. Further, we order that this case be remanded to the trial court to allow Mr. Junior within a reasonable amount of time from the finality of this judgment the opportunity to amend his claim. If he fails to comply, the action may be subject to dismissal by that court.

**JUDGMENT VACATED; MATTER REMANDED WITH INSTRUCTIONS**

---

[3] The State in its motion argues that the evidence is insufficient for Mr. Junior to establish a valid claim of ownership or whether he has a right to the property subject to the forfeiture proceedings. Had the motion been concerned only with whether the facts alleged by Mr. Junior in his Claim of Ownership application were sufficient to meet the statutory requirements of La. R.S. 40:2510(B), such motion may be properly considered a peremptory exception of no cause of action. *See State v. Property Seized from Terrance Martin*, 09-1417 (La. App. 1 Cir. 3/30/10), 37 So.3d 1021.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

### 23-CA-212

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
HONORABLE JOSEPH A. MARINO, III (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
H. THOMAS MURPHY (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                       (APPELLEE)
1117 EVERGREEN DRIVE                  DISTRICT ATTORNEY
GRETNA, LA 70053                      TWENTY-FOURTH JUDICIAL DISTRICT
                                      200 DERBIGNY STREET
                                      GRETNA, LA 70053